Argued and submitted February 27, affirmed October 9, 1985

STATE OF OREGON,
*Respondent,*

*v.*

MICHAEL DENNIS NEBLOCK,
*Appellant.*

(144,547; CA A32898)

706 P2d 1020

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Christine I. Jensen, Certified Law Student, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Philip Schradle, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant appeals his conviction for sodomy, contending that the trial court's refusal to suppress his confession was error. We affirm.

A social worker with Children's Services Division received a complaint regarding possible sexual abuse by defendant of a minor child residing in defendant's household. After interviewing the child on two occasions, she interviewed defendant in the presence of his wife. The social worker explained to defendant that allegations of sexual abuse had been made against him, that there would be a police investigation and that the police would be contacting defendant. She then went on to discuss treatment options that might be available to defendant. She stressed that defendant's telling the truth about his behavior or "taking responsibility for one's own behavior" would be a variable considered in determining the treatment that would be an appropriate option in his case. She also told defendant that no one could be admitted to a treatment program without admitting the offense involved.

The testimony of defendant and his wife differs from that of the social worker as to what she said in addition to discussing the variable affecting the decision whether to treat a defendant. They testified at the suppression hearing that the social worker promised him that he would get treatment if he admitted his guilt, but warned him that he would go to jail if he pleaded not guilty. The social worker, on the other hand, testified that she made no promises or guarantees. Rather, she stated that she told defendant and his wife that treatment and incarceration were options that a court would consider and that "taking responsibility for one's own behavior" would simply be one variable bearing on the court's choice among options.

On two occasions, the first one five days after the interview with the social worker, defendant made a confession and signed a statement while under interrogation by a police officer and after being advised of his rights.

At the suppression hearing, the court found that the social worker had made no promise to defendant that he would receive treatment or that he would not be incarcerated, that the police officer made no promises to defendant and that

defendant's confession was voluntary. We are bound by the court's factual findings, because there is evidence to support them. Indeed, defendant does not contend on appeal that he received an explicit promise from either the social worker or the police officer. Rather, he argues that the social worker presented information about the way a confession would affect the court's choice among dispositional options in such a way as to constitute an implied promise of treatment as opposed to incarceration and that he had reasonably relied on that implied promise as an inducement for his confession.

Both parties thus agree that the issue is whether the facts, as found by the trial court, fall within the rule of *State v. Capwell,* 64 Or App 710, 669 P2d 808 (1983). There we held that statements by a police officer that could be reasonably construed as an implied promise of treatment instead of incarceration in return for a confession violated the guarantee against compelled self-incrimination found in Article I, section 12, of the Oregon Constitution. After a discussion of *Capwell,* the trial court found that defendant's confession was voluntary and "not due to any stress or any promises or any threats" by the social worker or by the officer. In other words, there was no reasonable belief on the part of defendant, resulting from an implied promise of treatment, that he would receive treatment as opposed to prosecution and incarceration.

Like the trial court, we find nothing in the statements made to defendant that could reasonably be taken as an implied promise of immunity from prosecution should he confess. Advising defendant that treatment is an option, or that confession is a prerequisite to treatment, is not the same as promising him immunity from prosecution. *See State v. Bounds,* 71 Or App 744, 694 P2d 566, *rev den* 299 Or 732 (1985). On the basis of all of the facts and circumstances, we conclude that defendant's confession was voluntary and should not have been suppressed.

No implied promise was made to defendant; the statements were made by a social worker, rather than by a police officer, five days before defendant was interrogated by police, resulting in his confession. These facts distinguish this case from *Capwell.*

Affirmed.